IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILLIAM BEDFORD, Individually and
as Co-Executor of the Estate of BEVERLY
BEDFORD, deceased; and KIM WADDLE,
as Co-Executor of the Estate of Beverly
Bedford, Deceased                                                           PLAINTIFFS

v.                                              CIVIL ACTION NO. 1:18-cv-00175-GHD-DAS

AMERICAN HONDA MOTOR CO., INC.
and JOHN DOE DEFENDANTS 1-500; et al.                                       DEFENDANTS

## OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court is the Defendant American Honda Motor Company's motion for summary judgment [41]. Upon due consideration, the Court finds that the motion should be granted and the Plaintiffs' claims dismissed.

### *I.   Factual and Procedural Background*

The Plaintiffs in this wrongful death products liability action allege that the Decedent, Beverly Bedford, developed mesothelioma stemming from asbestos exposure related to her work at Honda of Tupelo, a motorcycle dealership and service center she owned from the late 1970s until 2014, and where she primarily worked in an office separate from the service shop area. *See* Compl. [Doc. 1, at p. 3]. The Plaintiffs allege that Ms. Bedford was exposed to asbestos from, *inter alia*, the Defendant Honda's brakes, clutches, and gaskets, and that she developed mesothelioma as a result. *Id.* at pp. 3-5. The Plaintiffs filed this action on September 14, 2018, asserting claims for strict liability, negligence, breach of warranty, fraudulent concealment, and consortium. The Defendant Honda has now moved for summary judgment as to all of the Plaintiffs' pending claims.

1

## II. Summary Judgment Standard

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

## III. Analysis and Discussion

The Defendant argues that summary judgment in its favor is warranted because the Plaintiffs have presented no evidence that exposure to asbestos contained in a product manufactured, designed, or sold by the Defendant was a substantial factor in proximately causing the Decedent's death, and that there are no remaining genuine issues of material fact.[1]

First, the Court notes that the Mississippi Products Liability Act ("MPLA"), which is found at Section 11-1-63 of the Mississippi Code, exclusively applies to the Plaintiffs' pending claims. See, e.g., *Cross v. Forest Labs.*, No. 1:05-CV-170-MPM-SAA, 2014 WL 11430933, at *3 (N.D. Miss. May 12, 2014); Miss. Code. Ann. § 11-1-63. Under that law, in asbestos cases such as this one, the Plaintiffs must prove three elements in order to establish liability – product identification, exposure to that product, and a proximate cause link between exposure to the Defendant's product and the Decedent's illness and death. *Dufour v. Agco Corp.*, No. 1:05CV169, 2009 WL 161859, at *1 (S.D. Miss. Jan. 22, 2009). In addition, it is axiomatic that expert testimony is required in order to establish liability in products liability cases. *Taggert v. FCA US LLC*, No. 1:16cv179-GHD-DAS, 2018 WL 493479, at *3 (N.D. Miss. Jan. 19, 2018). Accordingly, in short, in order to establish liability in this case, the Plaintiffs must show, based on expert testimony, that a product manufactured, designed, or sold by the Defendant was defective and unreasonably dangerous and proximately caused the Decedent's death. Miss. Code Ann. § 11-1-63(a)(iii). To prove the requisite proximate cause, the Plaintiffs must show that exposure to a product manufactured, designed, or sold by the Defendant was a substantial factor in causing the Decedent's death, and

---

[1] The Court notes at the outset that in this diversity action, the *Erie* doctrine applies and thus the determination whether the Defendant's motion is meritorious is guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

that absent exposure to such a product, the harm to the Decedent would not have occurred. *City of Jackson v. Spann*, 4 So. 3d 1029, 1033 (Miss. 2009).

In the case *sub judice*, the Court finds that the Plaintiffs have failed to present any reliable expert testimony that the Decedent was exposed to a harmful amount of asbestos from any products manufactured, sold, or designed by the Defendant, or that any such exposure caused her illness and death. In fact, the Plaintiff's expert, Dr. Arthur Frank, testified at his deposition that he cannot opine whether the Decedent's illness was caused by any alleged asbestos exposure at Honda of Tupelo or by any of her other admitted exposures to asbestos from non-Honda products. [Deposition of Arthur Frank, Doc. No. 41-1, at pp. 31-32, 56-57]. Dr. Frank further admitted during his testimony that he has no evidence regarding the Decedent's level of exposure to asbestos from any Honda products manufactured, designed, or sold by the Defendant, which is a crucial omission. [Doc. 41-1, at pp. 7-8].

Given this lack of supportive expert testimony or evidence, the Court finds that the Plaintiffs have presented no competent proof to support their contention that the Decedent was exposed to asbestos contained within any product manufactured, designed, or sold by the Defendant, nor that exposure to such a product proximately caused the Decedent's illness and death. See, e.g., *Dufour*, 2009 WL 161859, at *1-*2 (granting summary judgment in asbestos case where plaintiffs failed to "establish contact with any [of defendants'] products"); *Gorman-Rupp Co. v. Hall*, 908 So. 2d 749 (Miss. 2005) (holding that manufacturer was not liable for worker's exposure to asbestos given lack of evidence of exposure to asbestos-containing product attributable to the manufacturer); *Pounds v. Rogersol, Inc.*, No. 3:07-CV-554, 2010 WL 11527412, at *5 (S.D. Miss. June 15, 2010) (holding that "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts

necessary to sustain the plaintiff's burden"). The Plaintiffs herein simply have not shown that a genuine issue of material fact exists regarding any alleged exposure of the Decedent to asbestos at Honda of Tupelo, much less from any product manufactured or sold by the Defendant, or that any such exposure was a substantial factor in causing the Decedent's illness and death. Indeed, the Plaintiffs have presented no evidence whatsoever that attempts to quantify the Decedent's alleged level of asbestos exposure from any Honda product at Honda of Tupelo; this failure is fatal to their claims. See, e.g., *Moore ex rel Moore v. Mississippi Valley Gas Co.*, 863 So. 2d 43, 46 (Miss. 2003) ("It is incumbent upon the plaintiff in any products liability action to show that the defendant's product was the cause of the plaintiff's injuries); *Moeller v. Garlock Sealing Techs., LLC*, 660 F.3d 950, 954-55 (6th Cir. 2011); *Comardelle v. Penn. Gen. Ins. Co.*, 76 F. Supp. 3d 628, 634 (E.D. La. 2015); *Brooks v. Stone Architecture, P.A.*, 934 So. 2d 350, 355-56 (Miss. Ct. App. 2006).

In sum, the Plaintiffs have offered no evidence to support their claims or a finding that a genuine issue of material fact remains regarding the Decedent's alleged exposure to any asbestos-containing products at Honda of Tupelo, or that any such exposure was a substantial factor in causing her illness or death. Given this failure of proof as to causation, the Court finds that the Defendant's motion for summary judgment should be granted and the Plaintiffs' claims dismissed.[2]

## *IV. Conclusion*

In sum, for all of the foregoing reasons, the Court finds that no genuine dispute of material fact remains and summary judgment in favor of the Defendant as to the Plaintiffs' claims is

---

[2] Given the Court's ruling on this motion, the Defendant's motion to exclude testimony and motion to strike report are moot.

appropriate. The Court shall therefore grant the Defendant's motion for summary judgment, dismiss the Plaintiffs' claims, and close this case.

An order in accordance with this opinion shall issue this day.

THIS, the 18th day of February, 2020.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE